UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES FOR THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND; THE
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK; THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS

                                   Petitioners,

                      -v.-

ALL FLOORING SOLUTIONS, LLC,

                                   Respondent.

19 Civ. 11065 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Trustees for the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and The Carpenters Contractor Alliance of Metropolitan New York (the "Funds"), along with The New York City District Council of Carpenters (the "Union", and together with the Funds, "Petitioners") filed this motion for summary judgment requesting two forms of relief. *First*, Petitioners seek to confirm an award dated September 28, 2019 (the "Award"), pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C. § 185. *Second*, Petitioners seek to recover the attorneys' fees and costs they have incurred in seeking to confirm the Award.

The motion is unopposed, as Respondent All Flooring Solutions LLC has neither acknowledged Petitioners' petition nor made any effort to contest confirmation of the Award.  For the reasons set forth in the remainder of this Opinion and Order, Petitioners' motion is granted in full.

**BACKGROUND**[1]

**A.     Factual Background**

The Union and Respondent are signatories to an Independent Resilient Floor Coverers Agreement (the "CBA"), which requires Respondent to make contributions to the Funds for all work done within the trade and geographical jurisdiction of the Union and binds Respondent to the Funds' collection policy. (Pet. 56.1 ¶¶ 6, 8, 10).  The CBA further requires Respondent to furnish its books and payroll when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.  (*Id.* at ¶ 9).  The Funds' collection policy provides that "[i]n the event that an employer refuses to permit a payroll review and/or audit upon request … the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period."  (*Id.* at ¶ 13).

---

[1]     The facts in this Opinion are drawn from Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #13)).  Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.  For ease of reference, the Court will refer to the Arbitrator's Award as the "Award" (Dkt. #1 at Ex. 6).

2

The CBA permits any party to the agreement to initiate arbitration proceedings against another party to resolve any dispute concerning a claim arising from payments to the Funds.  (Pet. 56.1 ¶ 11).  The CBA and the Funds' collection policy provide that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (i) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (ii) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (iii) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies.  (*Id.* at ¶ 14).

Petitioners requested to audit Respondent in order to determine if Respondent had remitted the proper amount of contributions to the Funds. (Pet. 56.1 ¶ 15).  But Respondent failed to provide its books and records for purposes of conducting the audit.  (*Id.* at ¶ 16).  Pursuant to the Funds' collection policy, the Funds determined that Respondent owed an estimated principal deficiency of $283,492.05.  (*Id.* at ¶ 17).  Petitioners then initiated the underlying arbitration proceeding (the "Arbitration") before the designated arbitrator, Roger E. Maher (the "Arbitrator").  (*Id.* at ¶ 18).  On April 30, 2018, the Arbitrator notified the parties that he would conduct a hearing in the matter on July 11, 2018. (*Id.*).  The hearing was rescheduled for September 12, 2019, and notices were sent to the parties.  (*Id.* at ¶ 19).  Respondent did not appear at the September 12, 2019 hearing.  (Award at 1).  Petitioners

submitted proof that Respondent had legally sufficient notice of the proceeding and provided evidence in support of their claim. (*Id.*).

The Arbitrator issued the Award on September 28, 2019, and found that Respondent had violated the CBA when it failed to permit the Funds to audit Respondent's books and records. (Pet. 56.1 ¶ 20). The Arbitrator ordered Respondent to pay the Funds $389,210.31, consisting of: (i) the estimated principal deficiency of $283,492.05; (ii) interest of $46,619.85; (iii) liquidated damages of $56,698.41; (iv) court costs of $400; (v) attorneys' fees of $1,500; and (vi) arbitrator's fees of $500. (*Id.*). The Arbitrator also found that interest at the rate of 7.5% would accrue on the Award from the date of the issuance of the Award. (*Id.* at ¶ 21).

## B. Procedural Background

On December 3, 2019, Petitioners filed the instant petition to confirm the Award and to be reimbursed the attorneys' fees and costs spent in confirming that Award. (Dkt. #1). On December 11, 2019, Petitioners filed an affidavit with the Court indicating that Respondent had been served by mail. (Dkt. #9). On December 10, 2019, the Court ordered Petitioners to move for confirmation of their arbitral award in the form of a motion for summary judgment, with the opening brief due January 17, 2020. (Dkt. #8). The Court ordered Respondent to file any opposition brief by February 17, 2020, and ordered Petitioners to file any reply by March 2, 2020. (*Id.*). Petitioners filed their summary judgment motion on January 17, 2020. (Dkt. #10-13). Respondent has neither filed

4

opposition papers, nor appeared in the case. As such, the motion is ripe for the Court's consideration.

## DISCUSSION

**A.    The Court Confirms the Arbitration Award**

    **1.    Applicable Law**

        **a.    Unopposed Petitions to Confirm Arbitration Awards**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]" *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). As the Second Circuit observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial "review of an arbitration award under the LMRA is, accordingly, 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). When a court reviews a labor dispute arbitration, "[i]t is only when the arbitrator strays from interpretation and

application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks omitted). "[U]nless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, No. 15 Civ. 781 (LGS), 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement … ,' it must be confirmed." *Id.* (quoting *Niagara Mohawk Power Corp.*, 143 F.3d at 714).

6

### b.   Summary Judgment

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "'as akin to a motion for summary judgment based on the movant's submissions,' and the court 'may not grant the motion without first examining the moving party's submission to determine' that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (quoting *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006)).  Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks omitted).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

### 2.   Analysis

Particularly given the Court's deferential posture in reviewing arbitral awards under the LMRA, the Court finds that Petitioners have adequately supported their petition.  There are no material facts in dispute:  Respondent has not contested any of the material facts upon which Petitioners' motion for

summary judgment is based, and the record discloses no dispute concerning those facts.

The CBA required Respondent to make its books and records available for examination by the Funds' auditors, in order to ensure that Respondent made all required contributions to the Funds. (Pet. 56.1 ¶ 9). But Respondent refused to make its books and records available to the Funds' auditors. (*Id.* at ¶ 16). Accordingly, Petitioners pursued arbitration under the terms of the CBA. In the Award, the Arbitrator found that substantial and credible evidence presented by Petitioners established that Respondent had failed to abide by the terms of the CBA, and that Petitioners were entitled to the estimated amount of the employer's delinquent contributions, $283,492.05, plus interest, liquidated damages, costs of the suit, attorneys' fees, and the fee for the arbitrator, in accordance with the terms of the CBA. (Award at 2-3; Pet. 56.1 ¶¶ 14, 20). Together, the award totaled $389,210.31. (Pet. 56.1 ¶ 20). The Arbitrator also found that Petitioners were entitled to interest at the rate of 7.5% to accrue on the Award from the date of the issuance of the Award. (*Id.* at ¶ 21).

The grounds for the Award are readily discernible from the Arbitrator's written decision. (*See generally* Award). Despite being properly served, Respondent did not appear in this case to dispute any of the Arbitrator's findings, nor did it dispute the contents of the Award. Nor would there have been a basis for Respondent to do so; the Arbitrator construed and applied the CBA and acted within the scope of his authority when he issued the Award. The LMRA, in turn, requires this Court to confirm the Award of $389,210.31.

The Petitioners also seek to confirm the Arbitrator's decision that prejudgment interest at the rate of 7.5% would accrue on the Award from the date of the issuance of the Award to the date of the issuance of this Opinion and Order.  (Pet. 56.1 ¶ 21; Dkt. #1 at 7).  "[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts."  *Waterside Ocean Navigation Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists* v. *United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest).  As such, district courts in this Circuit have regularly exercised their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Modular Sys. Installations, Inc.*, No. 17 Civ. 6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO* v. *Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases)).  "Determining the rate of interest to be applied is also within the discretion of the district court."  *Stone Park Assocs.*, 326 F. Supp. 2d at 555 (noting that "the LMRA is silent with respect to a prejudgment interest rate").

The Court grants Petitioners' request for prejudgment interest on the Award from September 28, 2019, the date of its issuance, through today, the

9

date of judgment in this action, at an annual rate of 7.5%. Although "the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." *Stone Park Assocs.*, 326 F. Supp. 2d at 555; *see, e.g., N.Y.C. Dist. Council of Carpenters* v. *Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 1809323, at \*4 (S.D.N.Y. Apr. 9, 2020) (granting prejudgment interest at the rate of 9% after confirming an arbitration award). The Court surmises that the Arbitrator selected a prejudgment interest rate of 7.5%, instead of the commonly imposed 9% rate, because the CBA provided that, should the Funds be forced to arbitrate a dispute, they would be entitled to collect interest on unpaid contributions at the prime rate of Citibank plus 2%. (Pet. 56.1 ¶ 14). The Citibank prime interest rate was 5.5% from December 20, 2018, to July 31, 2019, which would have produced an interest rate under the CBA of 7.5%. *See* Citi Reduces Base Rate, CITIGROUP, https://www.citigroup.com/citi/news/2019/190731c.htm (last visited May 20, 2020). In light of that provision of the CBA, the presumption towards granting prejudgment interest, and the fact that Petitioners have requested an accrual rate lower than the general practice in this Circuit, the Court grants their request for prejudgment interest from the date of the Award through the date of judgment in this action at a rate of 7.5%, resulting in $18,794.06 in prejudgment interest. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund.* v. *Triangle Enter. NYC Inc.*, No. 20 Civ. 793 (RA), 2020 WL

2306484, at *6 (S.D.N.Y. May 8, 2020) (granting prejudgment interest at the rate of 7.5% after confirming an arbitration award); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund.* v. *M.C.F. Assocs.*, No. 19 Civ. 7783 (JGK), 2020 WL 85445, at *3 (S.D.N.Y. Jan. 6, 2020).

The Court will also award post-judgment interest at the statutory rate specified by 28 U.S.C. § 1961. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (observing that awards of post-judgment interest in actions to confirm arbitration are mandatory).

## B. The Court Grants Petitioners' Application for Attorneys' Fees and Costs

### 1. Applicable Law

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.* However, an award of attorneys' fees and court costs is proper when consistent with the parties' contractual obligations under the CBA. *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y.

11

Oct. 19, 2017).  When the contract requires payment, parties may recover
attorneys' fees in accordance with its terms.

In addition, a court may "exercise its inherent equitable powers to award
attorney's fees when opposing counsel acts in bad faith."  *N.Y.C. Dist. Council of
Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265,
at *5 (S.D.N.Y. July 20, 2012).  "In confirmation proceedings, 'the guiding
principle has been stated as follows: [W]hen a challenger refuses to abide by an
arbitrator's decision without justification, attorney's fees and costs may
properly be awarded.'"  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension
Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining,
Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF),
2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council
of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS),
2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether an attorney's fee is reasonable requires a court to
assess that attorney's hourly rate and the number of hours she billed at that
rate.  "A reasonable hourly rate is 'what a reasonable, paying client would be
willing to pay.'"  *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr.
Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19,
2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at
*3 (S.D.N.Y. Feb. 5, 2015)).  An hourly rate is considered reasonable when it is
comparable to the prevailing rates in the community for similar services by
lawyers of commensurate skill.  *Trs. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund* v. *Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012).  And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee."  *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (internal quotation marks and citation omitted).

As for costs, judges in this District "routinely permit[ ]" attorneys to recoup "filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on" an opposing party.  *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

### 2.   Analysis

Petitioners seek $2,545.00 in attorneys' fees and $104.28 in costs.  (Pet. 56.1 ¶¶ 27, 28).  Because Respondent agreed to a CBA that specified for the recovery of fees and costs in these circumstances; failed to participate in the initial arbitration after receiving notice; and did not oppose Petitioners' application for confirmation of the arbitration award, the Court concludes that Petitioners are entitled to recover their fees and costs from the instant action.  And because the fees and costs Petitioners request are reasonable, the Court grants their request in full.

*First*, the requested $2,545.00 fee is reasonable.  In support of that request, Petitioners submitted attorney time records documenting the hours worked and activities performed in support of this action.  (*See* Pet. 56.1 ¶ 24).  A total of 16.3 hours of work was completed by one partner, who billed at $275 per hour, and several legal assistants, who each billed at $120 per hour.  (*Id.* at

13

¶¶ 24, 25).  On review of the contemporaneous time records, compared against the prevailing rates in the community, the amounts requested are reasonable.  *See, e.g., N.Y.C. Dist. Council of Carpenters* v. *Three Guys Floor Covering Workroom Inc.*, No. 18 Civ. 1243 (KPF), 2018 WL 4935901, at *4 (S.D.N.Y. Oct. 11, 2018) (finding that rates of $300 per hour for "of counsel" was reasonable"); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004 (GHW), 2016 WL 7335672, at *4 (S.D.N.Y. Dec. 16, 2016) (same); *Triangle Enter. NYC Inc.*, 2020 WL 2306484, at *6 (awarding fees to legal assistant at a rate of $120 per hour); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Skyeco Grp. LLC*, No. 19 Civ. 7608 (LGS), 2019 WL 6497533, at *3 (S.D.N.Y. Dec. 3, 2019) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M&B Builders Grp. Inc.*, No. 18 Civ. 5074 (GHW), 2018 WL 6067229, at *6 (S.D.N.Y. Nov. 19, 2018) (same).  In addition, other judges in the Second Circuit have awarded similar fees in confirmation proceedings for Virginia & Ambinder, LLP ("V&A") attorneys and legal assistants.  *See, e.g., Trs. of N.Y. Dist. Council of Carpenters Pension Fund* v. *Metro. Fine Mill Work Corp.*, No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving rates of $225 for V&A's associates and $100 for its legal assistants).  This Court finds that the billing rate and hours are reasonable and grants the application for $2,545.00 in attorneys' fees.

14

This Court also finds that Petitioners' request for $104.28 in costs is reasonable.  This figure excludes the $400 in costs awarded by the Arbitrator, and consists primarily of a $70.00 court service fee and miscellaneous mailing costs.  (Pet. 56.1 ¶ 28).  "Recovery of such costs is routinely permitted."  *Plaza Constr. Grp., Inc.*, 2016 WL 3951187, at *2.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the Award is GRANTED, and judgment will be entered in the amount of $410,653.65, which consists of the arbitration award of $389,210.31, $18,794.06 in prejudgment interest, $2,545 in attorneys' fees, and $104.28 in costs.  The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated:      May 20, 2020
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge